IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

J.D. GAINES, #33106                                                                              PETITIONER

VERSUS                                                        CIVIL ACTION NO.  5:05cv227DCB-RHW

JIM HOOD                                                                                         RESPONDENT

OPINION AND ORDER

On December 12, 2005, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and requested in forma pauperis status.  An order was entered on January 9, 2006, denying the petitioner's request to proceed in forma pauperis and ordering the petitioner to pay the required $5.00 filing fee within 20 days.  The petitioner was warned in this court's order that failure to timely comply with the requirements of the order could lead to the dismissal of his petition.

When the petitioner failed to comply with the order of January 9, 2006, an order to show cause was entered on March 6, 2006, directing the petitioner to respond and to pay the filing fee of $5.00 on or before March 28, 2006.  Even though the petitioner was warned that his failure to comply would result in the dismissal of this civil action, the petitioner has failed to do so.  Out of an abundance of caution, this court entered a second order to show cause on April 26, 2006.  the petitioner was directed to pay the filing fee within 20 days of the date of the order.  However, even though he was warned that this was his final opportunity to comply with the previous orders of this court and it has been over 60 days since the deadline to comply with the order of April 26,

2006, according to the court records, the petitioner has failed to comply or to otherwise communicate with this court.  The petitioner's failure to comply with two orders of this court or to otherwise communicate with this court indicates his lack of interest in pursuing this claim.

This court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the respondent has not been called upon to respond to the petition, and has never appeared in this action, and since the court has never considered the merits of the petition , the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

THIS, the 26th day of July, 2006.

      S/DAVID BRAMLETTE
      UNITED STATES DISTRICT JUDGE